Filed 6/11/21  Guardianship of Hernandez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Guardianship of ANTONIO ABRAHAM PAXTOR HERNANDEZ | B305649 |
| | Los Angeles County Super. Ct. No. 20STPB02372 |
| ANTONIO ABRAHAM PAXTOR HERNANDEZ, | |
| Plaintiff and Appellant, | |
| v. | |
| JULIAN PAXTOR VELASQUEZ et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Juarez, Judge.  Affirmed.

Antonio Abraham Paxtor Hernandez, in pro. per.; Lefkowitz Law Group, Jamie Lefkowitz for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Probate Code section 1510.1 authorizes the superior court, with the consent of a proposed ward, to "appoint a guardian of the person for an unmarried individual who is 18 years of age or older, but who has not yet attained 21 years of age, in connection with a petition to make the necessary findings regarding special immigrant juvenile [(SIJ)] status pursuant to subdivision (b) of Section 155 of the Code of Civil Procedure."[1] (Prob. Code, § 1510.1, subd. (a)(1).)  On March 22, 2020, appellant Antonio Abraham Paxtor Hernandez turned 21 years old.[2]  On March 24, 2020, Antonio applied for an ex parte order extending the superior court's jurisdiction past his 21st birthday to allow the court to consider his pending petitions for the appointment of a guardian and for SIJ findings.  The trial court denied the application.  Antonio appeals the ruling.  He argues the court

---

[1]     Congress first established the SIJ classification in 1990 to provide relief to immigrant children who were declared wards or dependents under state law and whose interests would not be served by returning to their country of origin.  (*Bianka M. v. Superior Court* (2018) 5 Cal.5th 1004, 1012 (*Bianka M.*), citing Immigration Act of 1990, Pub. L. No. 101–649 (Nov. 29, 1990) 104 Stat. 4978.)  "To provide a basis for SIJ-eligible children to secure the necessary state court findings, the California Legislature in 2014 enacted Code of Civil Procedure section 155 (Stats. 2014, ch. 685, § 1).  Section 155 confers jurisdiction on every superior court—including its juvenile, probate, and family court divisions—to issue orders concerning the findings relevant to SIJ status." (*Bianka M.,* at p. 1013, citing Code Civ. Proc., § 155, subd. (a).)

[2]     Antonio shares a last name with his aunt and proposed guardian, Catarina Hernandez.  For clarity we refer to Antonio and Catarina by their first names.

improperly rendered his guardianship petition moot by declining to extend its jurisdiction. The trial court had no discretion to grant the requested relief. We affirm.[3]

## FACTS AND PROCEDURAL HISTORY

Antonio was born in Guatemala on March 22, 1999. On December 6, 2016, border patrol agents detained Antonio near Hidalgo, Texas and charged him with being present in the United States without admission or parole. (See 8 U.S.C. § 1182(a)(6)(A)(i).) On January 12, 2017, the Office of Refugee Resettlement released Antonio to the custody of his aunt, Catarina Hernandez, under a sponsor care agreement.

On March 10, 2020, Antonio filed petitions to have Catarina appointed as his guardian and for SIJ findings. In his supporting declaration, Antonio said he "left Guatemala because of the threats and assaults I suffered from teachers, students and other Guatemalan citizens who discriminate against indigenous groups." He said he could not "return to Guatemala, as I fear that I will continue to be threatened, harassed, discriminated against or physically beaten to death."

According to Antonio, he first suffered discrimination and physical abuse at the hands of his third grade teacher when he was eight years old. The teacher beat Antonio "at least once a week" and threatened him with "worse things" if he told anyone. The abuse continued in the fourth grade, where Antonio's teacher regularly hit him on the palms of his hands with a ruler when he was late for class. During his fourth, fifth, and sixth years of school, an older student frequently harassed Antonio and stole his money. Despite the abuse, Antonio said he was "too afraid

---

[3]     For purposes of this opinion we will assume without deciding that the March 24, 2020 order is an appealable order.

3

to say something to my parents about my teachers and this classmate because I didn't want these situations to get worse."

Antonio recounted that, in December 2012, an earthquake hit Guatemala and destroyed his family's home. Two weeks after the earthquake, he went to a city in his region to look for work. However, the manager of the city's commercial center refused to let Antonio enter because he "did not have a degree" and he was not "fluent in Spanish."

Antonio declared that, "[a]fter all these difficult situations, I decided that I could no longer stay in Guatemala because of all the abuses and discrimination I faced." He said, "I could not stand the mental and physical torture and, after being discriminated against in the commercial center, I realized that I would never be able to get a job because I was indigenous, not flu[ent] in Spanish and hav[e] dark skin." Antonio left Guatemala on November 9, 2016. He was 17 years old.

Antonio's aunt Catarina—his proposed guardian—also offered a declaration in support of Antonio's petitions. Catarina said she decided to take custody of Antonio after his father told her about the problems Antonio had at his school. Since Antonio arrived in the United States, Catarina has provided for all his necessities without receiving financial help from his parents. She said Antonio was forced to leave Guatemala in part because his father could not provide for him.

Antonio's petitions were set for an adjudication hearing on May 20, 2020.

On March 13, 2020, Antonio filed an ex parte application to adjudicate his petitions for appointment of a guardian and for SIJ findings. He made the application on the ground that he would turn 21 years old on March 22, 2020, at which time

4

the superior court would lose jurisdiction to rule on the petitions. Antonio argued dismissal of the case would cause irreparable harm because, without a guardianship order and SIJ findings, his deportation was imminent.

On March 16, 2020, the trial court denied the ex parte application.[4]

On March 20, 2020, Antonio filed an ex parte application for an order extending the court's jurisdiction past March 22, 2020—the date of his 21st birthday. The application noticed a hearing date of March 24, 2020. Regarding the need for ex parte relief, Antonio argued a March 17, 2020 court closure to arrest the spread of COVID-19 had prevented him from taking other emergency action.[5] Because he could not present the application before his 21st birthday, Antonio asked the court to "invoke its authority to act in these types of emergency circumstances and extend jurisdiction in this case beyond [his] 21st birthday."

On March 24, 2020, the trial court denied the ex parte application.

On April 9, 2020, Antonio filed a notice of appeal from the March 24, 2020 order.

---

[4] The order does not state the court's reason for denying the application. According to Antonio, the court denied it because the Probate Investigator's Office had not yet conducted its investigatory meeting or prepared a report on Antonio's petitions.

[5] According to Antonio's application, on the date of the court closure, his attorneys attempted to file a second ex parte application to compel the Probate Investigator's Office to conduct its meeting. (See *ante*, fn. 4.) Due to the court closure, Antonio did not have an opportunity to present the application to the court.

## DISCUSSION

SIJ status permits an immigrant child to seek lawful permanent residence in the United States, which, in turn, permits the recipient of SIJ status to seek citizenship after five years. (*Bianka M., supra,* 5 Cal.5th at p. 1013, citing 8 U.S.C. §§ 1255, 1427.)

Under federal immigration law, an immigrant child is eligible for SIJ status if: "(1) the child is a dependent of a juvenile court, in the custody of a state agency by court order, or in the custody of an individual or entity appointed by the court; (2) the child cannot reunify with one or both parents due to abuse, neglect, abandonment, or a similar basis found under state law; and (3) it is not in the child's best interest to return to his or her home country or the home country of his or her parents." (*Bianka M., supra,* 5 Cal.5th at p. 1013, citing 8 U.S.C. § 1101(a)(27)(J)(i)–(ii), fn. omitted.)

Under the immigration law's implementing regulations, SIJ status is available to unmarried immigrants under 21 years of age if a state court has made the predicate SIJ findings. (8 C.F.R. § 204.11(c)(1)–(2) (2009); see Stats. 2015, ch. 694, § 1(a)(2); *Bianka M., supra,* 5 Cal.5th at p. 1013.) An immigrant child cannot apply to the responsible federal agency for SIJ status without first obtaining a state court order (or orders) that makes the factual findings described above. (8 C.F.R. § 204.11(d)(2)(i)–(iii) (2009) [order(s) evidencing court's findings of SIJ eligibility must be submitted with petition].)[6] Code of Civil

---

[6] "SIJ applications are reviewed by the United States Citizenship and Immigration Service (USCIS), an agency within Department of Homeland Security (DHS)." (*Bianka M., supra,*

Procedure section 155 (section 155), subdivision (a)(1) confers jurisdiction on the superior courts of California "to make the factual findings necessary to enable a child to petition [USCIS] for classification as a [SIJ]." The statute requires the superior court to issue an order including "the necessary findings regarding [SIJ] status" if "there is evidence to support those findings." (Code Civ. Proc., § 155, subd. (b)(1); *Bianka M.,* at p. 1013.)

Before 2016, immigrants between 18 and 21 years of age in California were unable to obtain the necessary findings "because probate courts [could not] take jurisdiction of individuals 18 years of age or older by establishing a guardianship of the person." (Stats. 2015, ch. 694, § 1(a)(5); see Code Civ. Proc., § 155, subd. (b)(1)(A).) To enable immigrants who had reached the age of 18 to obtain the requisite SIJ findings, the Legislature enacted Probate Code section 1510.1 (section 1510.1). The statute authorizes the court to appoint, with the individual's consent, a guardian of the person for an unmarried individual who is between 18 and 21 years old "in connection with a petition to make the necessary findings regarding" SIJ status under section 155, subdivision (b). (Prob. Code, § 1510.1, subd. (a)(1).) For purposes of guardianship proceedings, the statute deems "the terms 'child,' 'minor,' and 'ward' " to include those individuals under 21 years old who consent to the appointment of a guardian. (*Id.*, subd. (d).) In enacting section 1510.1, the Legislature declared its intent "to provide an avenue for a person between 18 and 21 years of age to have a guardian of the person appointed beyond 18 years of age in conjunction with a request for the

---

5 Cal.5th at p. 1013, citing 8 U.S.C. § 1101(a)(27)(J)(iii), 8 C.F.R. § 100.1 (2009), 8 C.F.R. § 103.2(a)(7)(i) (2016).)

findings necessary to enable the person to petition [USCIS] for classification as a [SIJ]." (Stats. 2015, ch. 694, § 1(b).)

Antonio appeals the trial court's order denying his ex parte application to extend the court's jurisdiction beyond his 21st birthday.  It is settled that a court need "not grant ex parte relief 'in any but the plainest and most certain of cases.' [Citations.] For this reason, the rules governing ex parte applications in civil cases require that '[a]n applicant . . . make an affirmative factual showing . . . of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.' [Citations.]  A trial court should deny an ex parte application absent the requisite showing.  [Citations.]  We review a trial court's ruling on an ex parte application for abuse of discretion." (*People ex rel. Allstate Ins. Co. v. Suh* (2019) 37 Cal.App.5th 253, 257.)

The trial court had no discretion under section 1510.1 to appoint a guardian for Antonio or otherwise to extend its jurisdiction over him after Antonio attained 21 years of age. (Prob. Code, § 1510.1, subd. (a)(1) ["[T]he court may appoint a guardian of the person for an unmarried individual who is 18 years of age or older, *but who has not yet attained 21 years of age.*" (Italics added.)].)  In requesting this relief, Antonio cited no statutory or common law authority that would permit the court to enter such an order, and we have been unable to find any applicable source of authority in our own research.  (Cf. Welf. & Inst. Code, § 607 [authorizing court to retain jurisdiction over a person who is found to be a ward or dependent child of the juvenile court until the person attains 21 years of age, except when the person has committed a qualifying offense, in which case the court may retain jurisdiction until the person attains 23 or 25 years of age].)

8

Indeed, it was the fact that the superior court lacked jurisdiction to appoint a guardian for individuals 18 years of age or older that compelled the Legislature to enact section 1510.1. (See Stats. 2015, ch. 694, § 1(a)(5).) In doing so, the Legislature authorized the appointment of a guardian for a person *under* 21 years old to align California state law with the applicable federal regulations, which restrict eligibility for SIJ classification to unmarried persons "under twenty-one years of age." (8 C.F.R. § 204.11(c)(1).) Even if the trial court had discretion under our state law to appoint a guardian and make SIJ findings for Antonio after his 21st birthday, it had no authority to set aside the federal regulations barring his application to USCIS for SIJ status. (See 8 U.S.C. § 1101(b)(1) ["The term 'child' means an unmarried person under twenty-one years of age."]; cf. 8 U.S.C. § 1232(d)(6) [An immigrant child "may not be denied special immigrant status under [federal immigration law] . . . based on age if the alien was a *child on the date on which the alien applied for such status.*" (Italics added.)].) Thus, the trial court had neither discretion nor jurisdiction to remedy the harm Antonio's ex parte application sought to address. The court did not err in denying the application.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.